STEAGALL, Justice.
Louie Self and his wife, Maxine Self, owned and operated a restaurant located close to an area where Drummond Company, Inc., was reclaiming an area of land upon which it had previously conducted coal mining operations. As a result of the reclamation activities, the restaurant building was damaged and the Selfs ceased operating their restaurant business. The Selfs sued Drummond Company, alleging that in conducting the reclamation activities Drummond had caused damage to the Selfs’ property and to the restaurant business. The Selfs claimed damages, on the basis of negligence, wantonness, trespass, and nuisance. A jury awarded compensatory damages of $80,000 and punitive damages of $30,853.60. The trial court entered a judgment pursuant to the jury verdict; following the denial of its motion for judgment notwithstanding the verdict or for new trial or remittitur, Drummond Company appealed.
During the trial of this case, the Selfs offered mortality tables into evidence, and the trial court, over Drummond Company’s objection, admitted the tables. The trial court then charged the jury regarding the use of the mortality tables:
“Mr. Clark [the Selfs’ lawyer] referred in his closing arguments to mortality tables. Those were admitted into evidence on a motion of the plaintiffs. The mortality tables are a means of ascertaining a probable number of years a person of a given age and of ordinary health will [live]. Mortality tables may be used by you as an aid in computing damages if you are reasonably satisfied from the evidence that injuries or damages sustained by the plaintiffs are permanent. Such tables are not binding upon you and are not conclusive.”
Drummond Company argues that the trial court erred in allowing mortality tables into evidence and that the trial court improperly charged the jury with regard to the mortality tables, because, it argues, the Selfs did not claim personal injuries and, therefore, there is no claim for loss in earning capacity that might be measured by the plaintiffs’ life expectancies.
Mortality tables are admissible where there is evidence that the plaintiff has suffered permanent personal injuries or the question of a person’s life expectancy is a material question to be decided. C. Gamble, McElroy’s Alabama Evidence, § 259.01(1) (4th ed. 1991). There is no evidence that either of the Selfs suffered permanent injuries, and the Selfs’ life expectancies were not material. Accordingly, the mortality tables were not admissible and the trial court’s instruction to the jury regarding the use of the tables was erroneous. The judgment is reversed and this cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.